## MOORE v. BROWN.

1. **Fraudulent Representations:** CONTRACT: EVIDENCE.  Under an allegation that a deed failed to comply with the terms of a contract of purchase, and that the grantee was induced by fraudulent representations to accept the same, evidence was admissible to show what the conditions of the contract in fact were.

2. **Practice:** FINDING OF REFEREE.  The finding of a referee stands as the verdict of a jury, and will not be disturbed unless clearly unsupported by the testimony.

*Appeal from Linn Circuit Court.*

SATURDAY, JUNE 15.

THE plaintiff alleges that she bought from defendant fifty feet of a town lot in West Cedar Rapids; that defendant executed to her a deed conveying but forty feet of said premises; that by the false and fraudulent representations of said defendant plaintiff was induced to believe, and did believe, that the deed delivered to her conveyed the whole of said premises; that by the false and fraudulent representations of defendant she has been damaged in the sum of four hundred dollars. She prays that defendant may be decreed to convey the remaining ten feet purchased, and that, in the event of his inability to do so, she may have judgment for four hundred dollars damages.  The defendant denies all allegations of fraud.  The cause was referred to J. D. Giffen, Esq., who reported the facts as follows:

"1. That on the 16th of August, 1875, plaintiff purchased of defendant, Thomas Brown, all that part of lot 6, in block 20, West Cedar Rapids, Iowa, bounded as follows: Commencing at the north-westerly corner of said lot 6; running thence southerly on and along the easterly line of Third street, West Cedar Rapids, to a pine tree; thence at right angles in an easterly direction across said lot to an out-house on the easterly line of said lot 6; thence at right angles on and along

Moore v. Brown.

said easterly line of said lot 6 to the alley and northerly line of said lot 6; thence westerly on southerly line of said alley to place of beginning. That the purchase price thereof was one thousand dollars, of which plaintiff paid defendant twenty-five dollars, to bind the bargain.

"2. That the part or portion of the lot so sold to plaintiff by defendant, Thomas Brown, was sold to her by the metes and bounds above stated, and contained fifty by sixty feet.

"3. That said lot 6 is bounded on the westerly side by Third street, West Cedar Rapids, on the southerly end by Webster street, and its whole dimension or size is one hundred and forty feet in length by sixty feet in breadth, and was at the time of purchase by plaintiff in one inclosure.

"4. That one of the conditions of purchase, and part consideration for the purchase price of one thousand dollars, was that defendant, Thomas Brown, would erect a partition fence across said lot from pine tree to out-house.

"5. That defendant, Thomas Brown, on the 18th of April, 1875, procured a deed to be drawn to plaintiff, and, on the 11th day of September, 1875, acknowledged and delivered the same (which plaintiff filed for record and had recorded).

"6. That plaintiff, at the time of the delivery of said deed, paid balance of purchase money.

"7. That after the delivery of said deed and recording the same, plaintiff found that defendant, Thomas Brown, had erected said partition fence across said lot, ten feet northerly from the pine tree to the out-house, thereby including ten feet of the portion of said lot 6 sold to the plaintiff, with the portion of lot reserved for himself, and also that he had procured the deed to be so drawn.

"8. That there was a dwelling-house on each end of said lot 6, and that plaintiff purchased the property for a home for herself and family.

"9. That plaintiff did not take possession thereof until after the delivery of the deed.

"10. That defendant, Thomas Brown, after selling the

premises to plaintiff, fraudulently and in violation of said contract of purchase procured the description of the premises to be inserted in the deed ten feet less than the amount sold to plaintiff, and pointed out to her at time of sale by metes and bounds, and that he fraudulently and in violation of his contract with plaintiff erected said fence ten feet northerly of line to which he sold plaintiff.

"11.   That said ten feet has since been sold by defendant, Thomas Brown, to an innocent party.

"12.   That as soon as plaintiff discovered the fraud of defendant, Thomas Brown, she demanded a conveyance of the ten feet, which was refused.

"13.   That the value of said ten feet in width across said lot, taken in connection with the forty feet conveyed, is two hundred dollars.

"14.   That Isabella Brown is the wife of Thomas Brown."

As conclusions of law the referee found:

"1.   That plaintiff's bill be dismissed as to Isabella Brown.

"2.   That plaintiff is entitled to a judgment against the defendant, Thomas Brown, in the sum of two hundred dollars and costs."

The defendant filed exceptions to this report, and a motion to set it aside. The court overruled the exceptions and motion, and rendered judgment against defendant for two hundred dollars and costs. The defendant appeals.

*J. J. Powell* and *I. M. Preston & Son*, for appellant.

*Mills, Blake & Hormel*, for appellee.

DAY, J.—I.   No motion or order was made for trial upon written evidence. The cause, therefore, as we have repeatedly held, is not triable *de novo* in this court.

II.   Pending the trial the defendant moved the court to exclude all the evidence introduced by plaintiff tending to show

1. FRAUD-
ULENT repre-
sentation:
contract: evi-
dence.

the terms and conditions of the contract, and the quantity of land to be sold, with all that relates to damages, for the reason that it is incompetent,

Moore v. Brown.

immaterial, and inadmissible under the pleadings. The court overruled this motion, and defendant excepted. It is now urged that this motion should have been sustained, because there is no allegation in the petition that at the time of consummating the agreement, and executing the deed, there was any omission by accident, mistake or fraud, or that it was understood by the parties that any other or different contract was intended than that mentioned in the deed. The petition, however, alleges that plaintiff bought, by metes and bounds, fifty feet of the lot; that defendant executed to her a deed for forty feet, and by false and fraudulent representations induced plaintiff to believe that the deed conveyed to her the whole premises bought. The allegations of the petition are, we think, sufficiently broad to admit the evidence introduced. The court did not err in refusing to strike it out.

III. It is further urged that the finding of the referee is 2. PRACTICE: against the preponderance of the evidence. The finding of referee. cause is not, as we have seen, triable *de novo*. The finding of the referee stands as a verdict of a jury, and cannot be disturbed unless clearly unsupported by the testimony. It is not so wanting in support from the evidence as to justify us, under the well settled rules for the government of our action in such cases, in disturbing it.

The judgment is

AFFIRMED.